UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Stacy W. Howard,<br><br>　　　　　Appellant,<br><br>　　　v.<br><br>Georgetown County Detention Center;<br>Chief Administrator Mike Swartz;<br>Major Chuck Kocis;<br>Captain Kenneth Owens;<br>Captain Barry Marsh,<br><br>　　　　　Respondents. | Cr. No. 6:04-1180-GRA<br><br>ORDER<br>(Written Opinion) |

　　　This matter is before the Court on Appellant's "Motion to the Court to Request Transcripts and Records." For the reasons stated below, the motion is DENIED.

　　　This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980), *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1975), *cert. denied*, 439 U.S. 970 (1978). A federal district court is also charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

　　　Longstanding circuit precedents have provided that a prisoner who requests

1

free copies of records in his or her criminal case, whether it is a state case or a federal case, must show a particularized need for such records. *Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152-53 & nn. 3-4 (4th Cir. 1972), *adhered to*, 465 F.2d 1091, 1092-96 (4th Cir. 1972) (denying rehearing *en banc*), *cert. denied*, 410 U.S. 944 (1973).  A state or federal prisoner does not have the right to request free transcripts so that he or she can search the record of conviction to find possible flaws. *See United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw."); *United States v. Shoaf*, 341 F.2d 832, 833-36 & nn. 1-6 (4th Cir. 1964) (reaffirming *Glass*).  On April 26, 2005 the United States Court of Appeals for the Fourth Circuit issued an Order to proceed on Informal Briefs to appeal this Court's Order adopting the magistrate's Report and Recommendation filed on March 10, 2005. The Fourth Circuit's Order set a deadline for Appellant's informal brief to be due. That deadline was May 20, 2005. The Order further stated that extensions of briefing deadlines are not favored by the Court and are to be granted only for good cause shown. Requests for extensions must be received by the Court before the expiration of the deadline. Appellant filed the instant request on May 23, 2005, three days after the deadline that was specified in the Fourth Circuit's Order. Further, a review of the record, shows that the Appellant did not file for an extension of the briefing deadlines. Because the Appellant filed this Request outside

the Fourth Circuit's deadline for informal briefs, the Appellant has not shown a particularized need for the transcript.

IT IS THEREFORE ORDERED that Appellant's Request for Transcripts and Records be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

November 2, 2005.

### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within ten (10) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.